**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4317-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NICHOLAS A. BROWN, a/k/a
NICHOLAS ANTHONY
BROWN, ANTHONY BROWN,
STRESS, and KNIT,

    Defendant-Appellant.

_____

> Submitted September 23, 2019 – Decided October 29, 2019
>
> Before Judges Sumners and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 12-01-0044.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M.S. Hebbon, Designated Counsel, on the brief).
>
> Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Nicholas A. Brown appeals from a September 11, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Before us, he presents the following arguments:

POINT I:

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL DUE TO TRIAL COUNSEL'S FAILURE TO RAISE THE AFFIRMATIVE DEFENSE OF INSANITY

A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For Post Conviction Relief.

B. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of Her Failure To Conduct A Thorough Pretrial Investigation Into The Potential Affirmative Defense Of Insanity And Her Failure To Call An Expert To Testify About Defendant's Mental Illness. (Da 35-60)

2

C.    Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial Counsel.

Having reviewed the record in light of the applicable legal standards, we are unpersuaded by defendant's arguments and affirm substantially for the reasons set forth by the PCR judge in his written decision.

The procedural history and trial evidence are detailed in our unpublished decision opinion affirming defendant's conviction and sentence on direct appeal, State v. Brown, No. A-3356-12 (App. Div. Jan. 8, 2016), certif. denied, 224 N.J. 529 (2016), and in the PCR judge's written decision opinion dated October 31, 2014. A brief summary will suffice here.

On September 22, 2011, at approximately 11:30 p.m., Woodbridge Police Officers Thomas Ganci and Joseph Dutcher were patrolling in a marked vehicle when they saw defendant, sitting alone in a parked car in the parking lot of an apartment complex. As they approached defendant's car on foot, another vehicle drove by and someone inside yelled something indecipherable. Defendant then drove past the officers, nearly hitting Ganci. Dutcher then banged on the window of defendant's car to alert him to stop, but defendant sped away. The officers' ensuing car chase concluded when defendant's car came to a stop after

colliding into a retaining wall. Defendant tried to escape on foot, but was apprehended by Dutcher.

A subsequent search incident to defendant's arrest resulted in the seizure of multiple controlled dangerous substances (CDS) and $787. At trial, the State presented the testimony of an expert in the field of CDS to establish that defendant had the intent to sell the CDS and that the money was from the sale of CDS.

A jury found defendant guilty of multiple offenses: third-degree possession of heroin; third-degree possession of heroin with intent to distribute; second-degree possession of heroin with intent to distribute within 500 feet of a public park; third-degree possession of cocaine; third-degree possession of cocaine with intent to distribute; second-degree possession of cocaine with intent to distribute within 500 feet of a public park; second-degree eluding; and fourth-degree resisting arrest. Defendant was sentenced to an aggregate extended prison term of fifteen years with a five-year period of parole ineligibility. We affirmed his conviction and sentence on direct appeal, State v. Brown, No. A-3356-12 (App. Div. Jan. 8, 2016), and his petition for certification was denied. 224 N.J. 529 (2016).

Shortly thereafter, defendant filed a PCR petition alleging his trial counsel was ineffective because she failed to: (1) consult with, hire, or call to testify an expert to substantiate his schizoaffective disorder in order to present an insanity defense; (2) consult with, hire, or call to testify an expert in the field of forensic video analysis to evaluate the operation of the officers' motor vehicle recording device; (3) challenge original unsworn complaints as to probable cause and lack of a neutral judicial officer's signature; (4) challenge judicial and prosecutorial misconduct in hiding evidence; and (5) investigate defense witnesses who observed defendant prior to an ensuing police chase. He also contended appellate counsel failed to argue judicial or prosecutorial misconduct and made erroneous arguments regarding the illegality of his extended term sentences.

The PCR judge, who was also the trial judge, issued an order denying PCR without an evidentiary hearing. In his appeal to us, defendant maintains the judge erred in not recognizing his schizoaffective diagnosis that was rendered prior to his arrest, and would have supported an insanity defense. He maintains that if the defense had been presented at trial, the jury would have found him not guilty by reason of insanity. Thus, he asserts a remand is necessary so he can present the merits of the contention at an evidentiary hearing. We see no cause to disagree with the PCR judge's order.

5

Applying the well-recognized two-prong test to establish ineffectiveness of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), the judge found there was no prima facie claim that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. As to the first prong, the judge stated in his written decision, "the record indicates that defense counsel had defendant evaluated and the conclusions of that evaluation stated that defendant lacked an affirmative defense for mental incapacity. Moreover, [d]efendant received inpatient drug treatment and there was no diagnosis of [s]chizoaffective disorder." And as to the second prong, the judge noted, "it is highly unlikely even if [defendant] could show that he suffered a mental incapacity, the outcome of the trial would have been different." Since no prima facie claim of ineffective assistance of counsel was established, the judge correctly applied State v. Preciose, 129 N.J. 451, 463 (1992), to determine defendant was not entitled to an evidentiary hearing.

Accordingly, we affirm substantially for the reasons set forth by the PCR judge in his written decision. We only add that defendant's contention he could have presented a viable insanity defense is a bald assertion not "supported by affidavits or certifications based upon the personal knowledge of the affiant or

the person making the certification." <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing <u>R.</u> 1:6-6); <u>see also</u> <u>State v. Jones</u>, 219 N.J. 298, 312 (2014) (holding affidavits or certifications supporting PCR petitions must identify the facts sought to be established with particularity). Defendant failed to submit an affidavit or certification by someone qualified to assert that defendant had a mental disorder at the time of the crimes that would have justified an affirmative defense of not guilty by reason of insanity.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4317-17T4